FILED
Feb 20, 2026
11:17 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Cheryl Lusk | Docket No.      2024-50-2711 |
| v. | State File No.    87187-2022 |
| Portopiccolo Group, LLC d/b/a<br>The Portopiccolo Group, et al. | |
| Appeal from the Court of Workers'<br>Compensation Claims<br>Dale A. Tipps, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer questions the trial court's order requiring it to provide certain medical treatment recommended by an authorized physician. The employee reported injuries after she was attacked by a resident while working at the employer's facility. After accepting the compensability of the incident and authorizing certain medical treatment, the employer declined to authorize a recommended surgical procedure. It supported its decision with a utilization review report recommending non-certification of the procedure. The authorized physician appealed the utilization review to the Bureau of Workers' Compensation's Medical Director, who agreed with the employer's denial. The parties then deposed the authorized physician, who testified that the work incident was more than fifty percent the cause of the employee's need for surgery. The physician also described how the non-operative treatment he previously prescribed had failed before he recommended surgery. In a decision on the record, the trial court ordered the employer to provide the surgical treatment ordered by the authorized treating physician. In its order, the court emphasized that treatment recommended by an authorized treating physician is presumed medically necessary and that an employer has the burden to rebut that presumption by a preponderance of the evidence. The trial court concluded that the employer failed to do so, and the employer has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellant, Portopiccolo Group, LLC d/b/a Willow Branch Health and Rehabilitation

Peter P. Frech, Nashville, Tennessee, for the employee-appellee, Cheryl Lusk

**Factual and Procedural Background**

On December 6, 2022, Cheryl Lusk ("Employee") was injured in the course and scope of her employment when she was attacked by a resident while working for Portopiccolo Group, LLC d/b/a Willow Branch Health and Rehabilitation ("Employer"). Employer accepted the compensability of the incident and authorized medical benefits, including treatment for Employee's left shoulder, lumbar spine, and cervical spine. For purposes of this appeal, the parties agree that these injuries arose primarily from the work incident and that Dr. John Burleson, an orthopedic surgeon, is the authorized treating physician for Employee's cervical and lumbar injuries.

In January 2025, after several months of cervical spine treatment, including an intramuscular injection and physical therapy, Dr. Burleson documented "severe symptoms with pain up to 9/10" including "posterior based headaches and pain and spasm in the paracervical spinal muscles." The same note also indicates Employee reported upper extremity pain in the deltoid/bicep region that radiated into her left thumb. A cervical MRI revealed disc herniations at two levels, with moderate to severe central and foraminal stenosis and compression of the spinal cord. Dr. Burleson ordered an anterior cervical discectomy and fusion ("ACDF") on January 30, and Employer submitted the surgical recommendation to utilization review. Dr. Paul Birinyi performed the review and recommended non-certification, explaining that

> the provided exam notes no deficits in motor or sensory findings, and notes negative special tests. The EMG provided was normal and noted no electrodiagnostic evidence of cervical radiculopathy in either upper extremity. The extent and duration of prior conservative management for the individual's neck pain complaints specifically is vague. . . . Given [the] lack of objective findings to support the requested procedure and given [the] limited documentation in regard[] to failed conservative management, the request is not appropriate.

Employer declined to authorize the surgery based on this opinion, and Dr. Burleson appealed the denial. The Bureau's Medical Director upheld the utilization review's recommendations and suggested consideration of "other non-surgical measures that may include an ESI, [physical] therapy, [and] home traction and support."

The parties deposed Dr. Burleson on September 12, 2025. He testified that Employee's work injury was the primary cause of her need for surgery and that "[a]ll reasonable, conservative treatments" were offered to Employee before he recommended the ACDF. He further explained:

2

We've been doing [physical] therapy, anti-inflammatories, the non-operative care, the normal stuff you would do before you would suggest a surgery. I understand that everyone might not operate like that but we've been seeing it for a while, and I certainly don't operate on everyone I see. And so I was indicating her because she failed non-operative management. And so [I] was alluding to things like an epidural steroid injection, which, in her case, in her cervical spine, wouldn't be crazy to do but would be relatively low yield given the amount of stenoses she had and home traction is not . . . it's not a bad thing to do, but it won't fix her issue . . . she has a structural problem with significant moderate to severe narrowing on her exiting nerves there.

On November 24, 2025, in a decision on the record, the court considered whether Employee is likely to prove at trial that she is entitled to the cervical spine surgery prescribed by Dr. Burleson. The court noted that an employer has the right to submit medical treatment recommended by an authorized treating physician to utilization review in order to evaluate the medical necessity, appropriateness, efficiency, and quality of the recommended medical care. The court also observed that Dr. Burleson is an authorized treating physician and, as such, his surgical recommendation is presumed medically necessary to treat the work-related injury.[1]

First, the court noted that, if the record contained evidence as to whether the surgical recommendation explicitly followed applicable treatment guidelines, this could impact the presumption of correctness and Employer's burden to rebut that presumption. *See Morgan v. Macy's*, No. 2016-08-0270, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17-18 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2016). However, because no such evidence was contained in the record, Employer was tasked with rebutting Dr. Burleson's surgical recommendation by a preponderance of the evidence. In support of its position, Employer relied primarily on Dr. Birinyi's utilization review report.

The court next considered the factors identified by the Tennessee Supreme Court for assessing competing expert opinions in *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991). Specifically, the court reviewed the qualifications of the experts, circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts. The court noted that Dr. Burleson saw Employee on multiple occasions over several months and examined her neck at each

---

[1] The court also questioned whether the current denial of surgery is still supported by the utilization review report given that it was "nine months old" at the time of the hearing. (Tenn. Comp. R. and Regs. 0800-02-06-.06(9)(a) (2023) provides that a decision to deny recommended treatment "shall remain effective for a period of six months from the date of the decision without further action by the employer . . . unless there is a material change documented by the treating physician that supports a new review or other pertinent information that was not used by the utilization review organization in making the initial decision.") However, the court noted that the parties did not raise the continuing viability of the utilization review denial, and it therefore declined to consider that issue.

visit whereas Dr. Birinyi reviewed only medical records and never examined Employee. Further, the utilization report indicated that Dr. Birinyi reviewed a single office note from Dr. Burleson and a single record from the doctor who performed the EMG. The court emphasized the importance of the documentation relied upon for utilization review, noting that part of Dr. Birinyi's rationale for recommending that the surgery not be certified was the absence and/or vagueness of documentation as to the extent of Employee's conservative care. However, Dr. Burleson testified that he had exhausted all reasonable conservative treatment options and/or explained why the conservative treatment options recommended by the Medical Director were not prescribed. The court noted that Dr. Burleson recorded pain, numbness, and tingling in Employee's left arm, supporting his recommendation for surgery, and that neither party offered any proof regarding the significance of EMG results, which Dr. Birinyi felt preponderated against surgery. As a result, the court concluded that Employer failed to rebut the statutory presumption that Dr. Burleson's surgical recommendation is reasonable and necessary for the treatment of Employee's work-related injury. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

In its notice of appeal, Employer asserts the trial court erred "when it overruled the utilization review non-certification of the [ACDF] surgery which was affirmed by the Medical Director because the treating physician lacked diagnostic evidence supporting the necessity of the surgery and [the] lack of conservative treatment [that was administered] prior to the order for surgery." Employee responds that: (1) Employer did not timely file

4

its utilization review determination, barring its consideration by the trial court; (2) Employer's brief on appeal was not timely filed and should not be considered; (3) the utilization review determination submitted by Employer was outdated; and (4) Employer did not overcome the statutory presumption that the recommended surgery is medically necessary.[2]

## *Employer's Brief on Appeal*

As a preliminary matter, Employee argues that Employer's brief was filed one day late and should not be considered on appeal. We conclude Employee erred in its calculation of the due date for Employer's brief. Employer filed its notice of appeal on December 4, 2025, and, in considering the days in the relevant time period during which state offices were officially closed, its brief on appeal was due and was filed on January 7, 2026. Accordingly, Employer's brief on appeal was timely filed.

## *Late Filing of Utilization Review Determination*

In her brief on appeal, Employee argues that the utilization review report was filed with the court outside the deadline established by the court for pre-hearing filings and, as a result, should not have been considered. Employee filed an objection to Employer's late filing of the utilization review determination, which had been omitted from the exhibits to Dr. Burleson's deposition transcript. In its order, the court denied Employee's objection, noting that "the document is the primary basis of the surgery denial and [Employee] was well aware of its contents, she was not prejudiced by the late filing, and the Court will consider the additional documents filed on November 12." Here, the court balanced the need for the utilization review report and procedural deadlines against the potential prejudice to Employee, emphasizing that Employee sought relief based on the rationale outlined in the non-certification determination contained in the report. A trial court's determinations regarding the admissibility of evidence are reviewed under an abuse-of-discretion standard. *Smith v. Galloway Constr. Co.*, No. 2019-03-0016, 2019 TN Wrk. Comp. App. Bd. LEXIS 70 (Tenn. Workers' Comp. App. Bd. Oct. 28, 2019). We conclude the trial court did not abuse its discretion in its decision to consider the utilization review determination.

## *Medical Necessity of Surgery*

Employer asserts in its notice of appeal that the trial court erred by overruling the utilization review non-certification of the ACDF surgery that was affirmed by the Medical

---

[2] As the trial court observed, the issue of the continued validity of the utilization review was not raised by either party in the trial court. It is well established that, generally, issues not presented to and decided by the trial court will not be considered by an appellate court. *See Simpson v. Frontier Cty. Credit Union,* 810 S.W.2d 147, 153 (Tenn. 1991). Accordingly, we consider the issue waived for purposes of this interlocutory appeal.

5

Director due to the lack of "diagnostic evidence supporting the necessity of the surgery and [the] lack of conservative treatment [that was administered] prior to the order for surgery." In its brief on appeal, Employer argues that this "one-two punch of no electrodiagnostic evidence of cervical radiculopathy in either upper extremity and lack of proof of the extent and duration of conservative management" were sufficient to overcome the presumption of medical necessity, "especially when considering the invasive medical procedure such as an ACDF." Further, Employer contends that the normal EMG is "critical because this is the only objective test performed on [Employee]."

Employee emphasizes that Dr. Burleson's recommendation for ACDF surgery is presumptively considered medically necessary pursuant to Tennessee Code Annotated § 50-6-204(a)(1)(A) because he is the authorized treating physician "and [Employer] has the burden of rebutting this presumption." Employee notes that Dr. Burleson was deposed, unlike Dr. Birinyi, and testified regarding the conservative treatment he has provided Employee, why that treatment had failed, why he disagrees with the utilization review determination, and why, in his expert medical opinion, the ACDF surgery is medically necessary. Employee contends that Dr. Burleson saw Employee on numerous occasions, physically examined her, and provided medical treatment. He also recorded complaints of left-arm pain, numbness, and tingling down to the thumb, which he considered evidence of sensory deficit despite the EMG results. Finally, Dr. Burleson testified that he was recommending surgery because Employee was still in pain after failing conservative treatment.

We have previously concluded that a trial court "is not bound by the determination of the utilization review physician or the Bureau's Medical Director but is charged with conducting a de novo review to determine whether Employer rebutted the presumption that the prescribed treatment is reasonably necessary to treat the work injury." *Walls v. United Techs. Corp.*, No. 2019-05-0371, 2021 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 6, 2021). Moreover, when it comes to documentary evidence, an appellate panel is "in the same position as the trial court" to assess the weight and credibility of expert medical opinions. *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025).

Here, the trial court concluded Dr. Burleson's opinion regarding the medical necessity of the recommended surgery was more persuasive than that of the utilization review physician, Dr. Birinyi. We agree. Our independent review of the deposition testimony and documentary evidence leads us to conclude that Dr. Burleson sufficiently explained his rationale for the medical necessity of the recommended surgery, and Employer did not meet its burden of rebutting the presumption of correctness afforded to Dr. Burleson's medical opinion. Accordingly, we discern no error by the trial court.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case to the trial court. Costs on appeal are taxed to Employer.